IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENIFER L. WILSON, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES, INC., )<br>)<br>          Defendant. ) | Case No. 07-2263-JWL |

## **REPORT AND RECOMMENDATION**

This retail store "trip and fall" case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of the plaintiff, Jenifer L. Wilson, for leave of court to file an amended complaint against the defendant, Wal-Mart Stores, Inc. **(doc. 71)**. On April 4, 2008, the undersigned conducted the final pretrial conference and heard oral argument from both parties.

On May 29, 2007, plaintiff sued defendant in the District Court of Johnson County, Kansas (doc. 1, ex A). In her state court petition, plaintiff alleged defendant was negligent in the way it placed rugs on its floor, its lack of proper warnings, and its improper maintenance of the rugs, all of which resulted in plaintiff's alleged trip and fall. Defendant removed the case to this court on June 20, 2007 (doc. 1). Defendant answered on June 27, 2007 (doc. 3). Plaintiff filed the instant motion for leave to amend her complaint on April

3, 2008, one day before the scheduled pretrial conference. Plaintiff seeks to add a claim against defendant for negligent training and supervision of its employees/managers, and also a claim for punitive damages.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Generally, the court denies leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[1]

The court's scheduling order set September 7, 2007 as the deadline to file any motions to amend the pleadings.[2] Because the instant motion was filed nearly seven months after the deadline for filing such motions expired, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a)(2) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b)(4). That is, when considering a motion to amend filed after the date established in a scheduling order, the court must determine whether "good cause" within the meaning of

---

[1] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[2] Doc. 6, at 8. Notably, this deadline was set after the court received input concerning same from the parties' attorneys.

Fed. R. Civ. P. 16(b)(4) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied.[3]

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The party seeking to extend a scheduling order deadline must establish good cause by proving that the deadline could not have been met with diligence.[4]

Plaintiff argues that she did not have knowledge of the facts on which her proposed claims are based until she deposed defendant's employees on February 13 and 19, 2008. Plaintiff, however, has failed to offer any credible explanation as to why she waited more than six weeks after the depositions before filing the instant motion. During the pretrial conference, plaintiff stated that she delayed filing the instant motion soon after the depositions because the parties were preparing for and participating in mediation. That is not a good excuse. As the court explained during the pretrial conference, a party's settlement efforts do not excuse noncompliance with the court's scheduling order. That is, unless ordered otherwise, parties are expected to continue discovery and trial preparation simultaneously with any settlement efforts. The court finds that plaintiff has failed to show good cause for now seeking leave to amend her complaint. Further, plaintiff has unduly delayed filing the instant motion.

---

[3] *See, e.g.*, *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (applying this two-part inquiry) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990)); *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) (same).

[4] *Denmon*, 151 F.R.D. at 407.

Allowing plaintiff to amend her complaint at this point in the case would cause defendant undue prejudice. The deadline to file dispositive motions is April 11, 2008 and the case is set for trial August 5, 2008.[5] As stated above, plaintiff filed the instant motion just one day before the court's final pretrial conference. Although plaintiff stated that she would not need additional discovery if she was granted leave to amend her complaint, defendant understandably stated it would at least want the opportunity to retain an expert witness regarding plaintiff's negligent training and supervision claim. If this were allowed, the court essentially would have to reopen discovery, extend the deadline to file dispositive motions, and delay the trial setting. Defendant has already begun preparing its summary judgment motion on the current claims, as that motion must be filed four days from now. Further, the court has already held the pretrial conference. The court finds that to grant plaintiff leave to amend her complaint at such a late point in the case would cause defendant undue prejudice and would likely result in a delay of the trial.

The undersigned is of the opinion that plaintiff has failed to show good cause to amend the scheduling order to allow her to amend her complaint, has unduly delayed the filing of the motion, and that such amendment would cause defendant undue prejudice.[6]

---

[5] Doc. 54, at 4.

[6] As relates to the other Rule 15(a) factors, nothing in the record suggests bad faith or dilatory motive on plaintiff's part. Nor is this a situation where the movant failed to cure deficiencies by amendments previously allowed; indeed, in this case, plaintiff never filed *any* motion to amend until just before the final pretrial conference. And finally, although as a practical matter it appears quite doubtful that plaintiff has mustered enough evidence to
(continued...)

Accordingly, the undersigned respectfully recommends that the presiding U.S. District Judge, Hon. John W. Lungstrum, deny plaintiff's pending motion for leave to amend her complaint, pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b)(4).

Plaintiff is hereby informed that, within ten days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated this 7th day of April, 2008 at Kansas City, Kansas.

      s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[6](...continued)
establish a prima facie claim for punitive damages, the undersigned makes no finding that the proposed negligent supervision and punitive damage claims, had they been timely asserted, would be legally futile.